## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JALIL PRATT, | : | |
| Petitioner, | : | |
|  | : | |
| v. | : | No. 2:19-cv-00416 |
|  | : | |
| DR. ROBERT MARSH, SUPERINTENDENT, | : | |
| SCI BENNER TOWNSHIP, THE DISTRICT | : | |
| ATTORNEY OF THE COUNTY OF | : | |
| PHILADELPHIA, and THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA, | : | |
| Respondents. | : | |

## O P I N I O N

**Report and Recommendation, ECF No. 27 – APPROVED and ADOPTED**
**Habeas Corpus Petition, ECF No. 2 – DENIED and DISMISSED**

**Joseph F. Leeson, Jr.**                                                                            **May 28, 2021**
**United States District Judge**

## I.       INTRODUCTION

In this habeas corpus proceeding, which has been commenced pursuant to 28 U.S.C. §

2254, *pro se* Petitioner Jalail Pratt challenges the constitutionality of his 2009 conviction in state

court of second-degree murder, conspiracy, and robbery. Upon referral from this Court,

Magistrate Judge Lynne A. Sitarski has issued a Report and Recommendation ("R&R") finding

that Pratt's multiple claims for habeas relief are without merit and recommending that his habeas

petition be denied and dismissed. Pratt has filed timely objections to the R&R.

After a review of Pratt's habeas petition, the R&R, and the objections thereto, and for the

reasons set forth below, this Court overrules the objections, approves and adopts the R&R in its

entirely, and denies and dismisses the habeas petition without holding an evidentiary hearing or issuing a certificate of appealability.

## II. RELEVANT BACKGROUND[1]

### A. Pratt's charges, conviction, and state court challenges

The facts underlying Pratt's conviction were summarized by the Pennsylvania Superior Court in its denial of his appeal for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), which was itself a summary of the Superior Court's denial of Pratt's direct appeal. The Superior Court recounted the following:

> On December 23, 2006 at approximately 11:00 p.m., co-Defendant Maurice Smith told his girlfriend, Melissa Thompson, via cell phone to call George's Pizza in Philadelphia, PA and place an order for delivery. Melissa Thompson told George's Pizza to deliver the food to a specific address in Philadelphia, PA and then called Smith back via Pratt's cell phone to tell him that she had done so. Pratt and Smith then waited for the delivery man to arrive.

> At 11:44 p.m., William Heron ("Heron") heard a knock on his door where Melissa Thompson requested the delivery be made. Heron looked out the window to see a pizza delivery man, later identified as Michael Orlando, standing outside the door. Heron answered the door to tell Michael Orlando, hereinafter referred to as Orlando, he must have the wrong address because he didn't order pizza. Heron then saw two black males approach from behind Orlando. Pratt pointed a gun at Orlando while Smith demanded that Orlando 'move it, move it.' Heron immediately shut the door and dialed 911 for emergency police services. While on the phone with the police, Heron heard banging and crying at the front door, but was too afraid to open the door. The police arrived at his door within minutes, discovered Orlando shot in the abdomen, and all suspects had fled the scene. Orlando was taken to Frankford Hospital, Torresdale division, where he was pronounced dead at 12:30 a.m. on December 24, 2006 due to a single gunshot wound to the abdomen.

> Pratt, Smith, and Melissa Thompson ("Thompson") were subsequently arrested and charged with numerous crimes related to the events set forth above.

---

[1] The Court writes for the parties and assumes their familiarity with the procedural and factual history of this case. Where the relevant factual and/or procedural background of the case appears in the state court decisions previously rendered in the case, and where that background is supported by accurate citations to the underlying record (most commonly Notes of Testimony ("N.T.") of the trial court), this Court will cite to those decisions rather than to the underlying record itself.

*Commonwealth v. Pratt*, No. 2291 EDA 2016, 2017 WL 5593775, at *1 (Pa. Super. Ct. Nov. 21, 2017) (quoting *Commonwealth v. Pratt*, No. 672 EDA 2010, at 1-2 (Pa. Super. Ct., Dec. 2, 2010),[2] *appeal denied*, 19 A.3d 1050 (Pa. 2011)).

Despite Pratt's efforts to have their trials severed, he and Smith were tried as co-defendants. *Pratt*, No. 672 EDA 2010, at 2.[3] In his opening remarks to the jury, Smith's counsel stated that Smith intended to take the stand and testify that he and Pratt decided to rob a pizza delivery man, that Smith enlisted the help of his former girlfriend to set up a fake delivery, that Smith sat in the car while Pratt robbed the delivery man, that Pratt had a gun with him when he robbed the victim, and that it was Pratt alone who shot the victim. *Id*. at 4. After opening statements, Pratt's counsel renewed his motion for severance, arguing the defendants' defenses were grossly antagonistic. *Id*. at 5. The trial court denied the motion, and the Commonwealth proceeded with its case. *Id*.

After the Commonwealth presented its case, Smith changed his mind and informed counsel he no longer wished to testify. *Id*. at 3, 6, 8. Pratt's counsel moved for a mistrial, which the trial court denied on the grounds that the jury was instructed multiple times that statements made by counsel are not evidence, and there was no indication that the jury would credit as evidence the opening statement of Smith's counsel as to what Smith would testify to, this being the basis of the motion. *Id*.

---

[2]    The Superior Court's decision on Pratt's direct appeal is filed on the docket in his action at ECF No. 14-2.

[3]    This short form citation is intended to refer to the Superior Court's December 2, 2010 decision on Pratt's direct appeal. When the Court refers to the trial court's preceding April 21, 2010 decision, the citation includes the criminal case number CP-51-CR-011453-2007.

Pratt put forth an alibi defense, calling two witnesses to testify that Pratt was in their house at the time the murder was supposed to have occurred. *Id*. at 3. In addition, Thompson testified that she did not meet Pratt until the day after the robbery. *Pratt*, 2017 WL 5593775, at *1. In making his closing arguments, Pratt's trial counsel argued that Thompson's testimony, in conjunction with other testimony, raised a reasonable doubt as to whether Pratt was involved in the killing. *Id.*

On June 29, 2009, Pratt was convicted of second-degree murder, conspiracy, and burglary. *Id*. On September 17, 2009, he was sentenced to life imprisonment without parole on the murder conviction, and a concurrent sentence of ten to twenty years' imprisonment for the remaining convictions. *Id*.

Pratt appealed his conviction, raising four grounds for relief. Specifically, Pratt claimed (1) that the trial court erred in denying his motion to sever his trial from Smith's, (2) that the trial court erred in denying his motion for a mistrial, (3) that the trial court erred in sustaining an objection by the Commonwealth to his counsel's questioning of a witness, (4) that the trial court erred in denying his motion to suppress evidence found in his mother's car, and (5) that three instances of prosecutorial misconduct deprived him of his due process rights. *See generally id*.

The Superior Court affirmed Pratt's judgment of sentence. *See generally id*. As to his first ground for relief, the Superior Court found the trial court erred in denying Pratt's motion for severance, as his and Smith's defenses were sufficiently antagonistic; however it concluded that the error was harmless as Smith did not end up testifying or presenting any testimony in support of his defense. *See id*. at 5-7. As to his second ground for relief, the Superior Court found no error in denial of the mistrial motion for essentially the same reasons stated by the trial court: the court's instructions to the jury that statements by counsel do not constitute evidence, and the

presumption that juries follow instructions of the court, were sufficient grounds to support denial of the motion. *See id*. at 9-12. As to his third ground for relief, the Superior Court concluded that the subject matter of any testimony Pratt's counsel wished to elicit from a detective witness regarding Thompson's participation in a similar robbery without Pratt's participation, was covered by Thompson in her testimony in response to Pratt's counsel's cross-examination, and thus would have been cumulative. *See id*. at 12-14. The Superior Court next found that Pratt had failed to raise his fourth ground for relief – his challenge to the trial court's denial of his motion to suppress – in his Pennsylvania Rule of Appellate Procedure 1925(b) statement, and that this argument was waived. *See id*. at 15. Finally, the Superior Court found that Pratt's arguments in support of his fifth ground for relief were either not preserved for appellate review and therefore waived, or were waived through a failure to develop supporting argument in briefing. *See id*. at 16-17. The Pennsylvania Supreme Court subsequently denied Pratt's petition for allowance of appeal. *See Commonwealth v. Pratt*, 19 A.3d 1050 (Pa. 2011).

Pratt next petitioned for PCRA relief. In its November 21, 2017 decision on Pratt's appeal of the PCRA court's denial of his PCRA petition, the Superior Court recounted the facts relevant to Pratt's petition and its resolution. In this regard, the Superior Court stated as follows:

> Appellant, acting *pro se*, timely filed his first PCRA petition. The court appointed counsel, who filed an amended PCRA petition. Attached to the petition was trial counsel's signed affidavit averring that he forgot to investigate and present character witnesses. The PCRA court held an evidentiary hearing at which Appellant called witnesses who testified that had they been called at trial, they would have testified to Appellant's reputation in the community as being a non-violent person. The Commonwealth cross-examined them with Appellant's prior criminal record.

> At the hearing, Appellant's trial counsel testified as follows:

>> At the time of his signature [on the affidavit, Appellant's trial counsel] believed the averments were accurate. (N.T. 06/15/2016 at 36). However, upon further recollection, [trial counsel] testified the

> statements were not accurate because he was aware of [Appellant's] prior record and more importantly, he recalled speaking with the prosecutor about potential cross examination and impeachment of the character witnesses. (N.T. 06/15/2016 at 36–39).

PCRA Ct. Op., 11/4/16, at 6 (footnote omitted). Trial counsel also testified that he did not request a corrupt and polluted source instruction for Thompson because, in his view, her testimony exculpated Appellant and he did not want to undermine her testimony before the jury. N.T. PCRA Hr'g, 6/15/16, at 40–41. Following the hearing, the trial court denied Appellant's petition and Appellant timely appealed.

Appellant raises the following issues:

> Whether trial counsel was ineffective for failing to investigate and to procure character witnesses to testify that the Appellant enjoyed a reputation for being a peaceful and non-violent person.

> Whether trial counsel was ineffective for failing to request a corrupt source cautionary and jury instruction for Melissa Thompson who was an accomplice in the death of Michael Orlando.

Appellant's Brief at 6.

"Preliminarily, we recognize that in reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1262–63 (Pa. Super. 2017).

We summarize Appellant's arguments for both of his issues. He contends trial counsel had no reasonable basis not to call character witnesses. In Appellant's view, his criminal past was non-violent and would have only supported his contention that he lacked the capacity to commit murder and robbery. Appellant's Brief at 14–15. Appellant also contends that trial counsel had no reasonable basis to not request a corrupt source instruction, given Thompson's admitted involvement. *Id.* at 17.

> In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). This requires the petitioner [to] demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. It is presumed that counsel is effective, and ... the appellant [has] the burden of proving otherwise.

6

*Commonwealth v. Payne*, 794 A.2d 902, 905–06 (Pa. Super. 2002) (citation omitted), *appeal denied*, 808 A.2d 571 (Pa. 2002). Counsel has a reasonable strategic basis for not calling character witnesses if counsel believes the witnesses could be cross-examined regarding the defendant's prior criminal record. *Commonwealth v. Van Horn*, 797 A.2d 983, 988 (Pa. Super. 2002). It is similarly a reasonable strategic basis to not request a corrupt source instruction if doing so would be inconsistent with the proffered defense. *Commonwealth v. Johnson*, 437 A.2d 1175, 1177 (Pa. 1981).

After careful review of the parties' briefs, the record, and the decision of the Honorable Leon W. Tucker, Jr., we affirm on the basis of the PCRA court's decision. *See* PCRA Ct. Op. at 5–8 (holding trial counsel adequately explained why his affidavit was inaccurate, and trial counsel had a reasonable strategic basis for not calling character witnesses and requesting a corrupt source instruction). Because we perceive no error, we affirm the PCRA court's order denying relief.

*Pratt*, 2017 WL 5593775, at *2-*3. The Pennsylvania Supreme Court denied allowance of appeal on June 5, 2018. *See Commonwealth v. Pratt*, 187 A.3d 207 (Pa. 2018).

### B. The instant petition for habeas relief

On January 28, 2019, Pratt filed his *pro se* habeas petition in this Court, which purported to assert four grounds for relief. *See* ECF No. 2. The petition was referred to Magistrate Judge Sitarski for an R&R on May 22, 2019. *See* ECF No. 5. Respondents filed their response in opposition to Pratt's habeas petition on November 18, 2019. *See* ECF No. 14. On November 25, 2019, Pratt filed a motion for leave to amend his habeas petition to add additional claims for relief. *See* ECF No. 16. Magistrate Judge Sitarski granted that motion on December 24, 2019.

Altogether, Pratt seeks habeas relief on five grounds. As to his first ground, Pratt claims "Ineffectiveness of Counsel, Layered, in failing to plead, present and preserve issues of merit at the pretrial, trial and appellate stages violating his 4th, 5th, 6th, and 14th Amendment

Constitutional Rights."[4]  ECF No. 2 at 7.  In support of this claim for relief, Pratt states the following:

> Layered Defense Counsel failed to properly investigate, present and cross-examine, alibi defense, crime scene, and lay, character and expert witnesses, to file for Kings Bench review of pretrial Severance denial, to deny Stipulation requests, to request, challenge and correct voir dire, Jury Instructions and conflicted Juror, and to preserve, plead and present issues on direct appeal, habeas corpus and on collateral appeal violating Petitioner's Constitutional Rights.

*Id.*

As to his second ground for relief, Pratt states that his "4th, 5th, 6th, and 14th Amendment Constitutional Rights were violated, including Rights to Confrontation, Due Process, Fair Trial, Impartial Jury, and proper Jury Instructions, resulting in an Unconstitutional Conviction and Illegal Sentence."  *Id*. at 9.  In support of this claim, Pratt states the following:

> Petitioner's Constitutional Rights were violated by Denial of Trial Severance, by laboring under the burden of disproving co-defendant's antagonistic defense, questioning, oppugnant [sic] opening and redacted confession, by improper, incorrect and inadequate voir dire, Juror, and Jury Instructions, by defense presentation denial, by Court's denial of defense Motions, by Harmless Error Review standard applied to Trial Severance denial, and by imposition of Illegal Sentence.

*Id*.[5]

As to his third ground for relief, Pratt claims "Prosecutorial and Police Misconduct violated Petitioner's 4th, 5th, 6th, and 14th Amendment Constitutional Rights."  *Id*. at 11.  In support of this claim, Pratt states as follows:

> Petitioner's Constitutional Rights were violated by the DAO's[6] improper use of peremptory voir dire challenges, by ADA vouching for DAO witness credibility, by denying and misrepresenting DAO witness's charges and deals, by misinforming the Jury, by failing to correct Jury Instructions, by delaying and

---

[4]     Quotations from Pratt's habeas petition are reproduced verbatim.

[5]     As explained below, the Court also liberally construes this claim to be asserting relief based upon the denial of Pratt's motion for a mistrial.

[6]     The Court assumes "DAO" to be referring to the District Attorney's Office.

withholding exculpatory and impeachment evidence, by denying Trial Severance and by failing to correct an Illegal Sentence.

*Id*.

As to his fourth ground for relief, Pratt states that he "is Actually Innocent of crimes convicted resulting in a Miscarriage of Justice, violating Constitutional Rights." *Id*. at 12. In support of this claim, Pratt states the following:

> Petitioner is actually innocent of crimes convicted violating his 1st, 4th, 5th, 6th, and 14th Amendment Constitutional Rights by Layered Ineffectiveness of Counsel, Police and Prosecutorial Misconduct, and Improper Proceedings, with his innocence evidenced by him going to Trial, credible Alibi Witnesses, by available lay, character and expert witnesses, by DAO's deals in exchange for inculpatory testimony, by the absence of GSR, by DAO eyewitness inconsistency, by prejudice from Trial Severance denial, and by co-defendant's antagonistic defense, burdening Petitioner with task of disproving co-defendant's case and the DAO's case.

*Id*. at 12-13.

Fifth and finally, Pratt asserts[7] (by way of his motion to amend his habeas petition) that trial counsel was ineffective in failing to object and request a limiting instruction under *Bruton v. United States*, 391 U.S. 123 (1968), when, as Pratt claims, the redacted statement of Pratt's non-testifying co-defendant was read into the record.[8] *See* ECF Nos. 16, 18.

### C.  The Report and Recommendation

Magistrate Judge Sitarski's R&R, which was issued on July 31, 2020, concludes that Pratt is not entitled to habeas relief on any of his claimed grounds. *See generally* R&R, ECF No. 27. The R&R categorizes Pratt's many claims and sub-claims as follows:  grounds one and five

---

[7]      This is how the additional claim is characterized by Magistrate Judge Sitarski in her Order granting Pratt's motion to amend. Magistrate Judge Sitarski observed that Pratt's motion to amend purports to seek to add *two* additional habeas claims; however, Judge Sitarski viewed them as essentially the same claim, characterized in this way. *See* ECF No. 18.

[8]      As explained below, this does not appear to have actually occurred.

– ineffective assistance of counsel; ground two – trial court error; ground three – prosecutorial misconduct; and ground four – due process violation. *See id*. at 14.

Magistrate Judge Sitarski finds that many of the claims Pratt purports to assert are unexhausted and procedurally defaulted, as they were never fairly presented to the state courts. She determines that any ineffective assistance claims other than the following two are unexhausted and procedurally defaulted:  (1) that trial counsel was ineffective "for failing to investigate and to procure character witnesses to testify that [Pratt] enjoyed a reputation for being a peaceful and non-violent person"; and (2) that trial counsel was ineffective for "failing to request a corrupt source cautionary and jury instruction for Melissa Thompson who was an accomplice in the death of Michael Orlando."  R&R at 15-16 (quoting *Pratt*, 2017 WL 5593775, at *2).

She similarly determines that any claim for habeas relief based on trial court error, other than the following four claims, are unexhausted and procedurally defaulted:  that the trial court erred by (1) denying Pratt's motion for severance, (2) denying his motion for a mistrial, (3) sustaining a Commonwealth objection to his counsel's questioning of a witness, and (4) denying his motion to suppress. *Id*. at 16 (citing *Pratt*, No. 672 EDA 2010, at 2-15).

Magistrate Judge Sitarski also finds that any claims of prosecutorial misconduct are necessarily procedurally defaulted; specifically, the only such claim presented to the state courts was based on statements made by the Commonwealth at closing arguments, which the Superior Court found to be unpreserved and unreviewable. *See id*. at 17 (citing *Pratt*, No. 672 EDA 2010, at 16-17).  The R&R finds other claims of prosecutorial misconduct to be unexhausted and procedurally defaulted, as the Superior Court determined they were waived and they were therefore not presented to that court for review. *See id.*

The R&R next addresses what, if, any avenues may permit Pratt to circumvent the procedural default of several of his claims. Liberally construing his arguments, Magistrate Judge Sitarski finds Pratt is contending any procedural default is excused based on his "actual innocence," as well as under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Id.* at 18.

As to Pratt's alleged "actual innocence," Magistrate Judge Sitarski concludes that because Pratt has (1) not presented new, reliable evidence that was not available at the time of his trial, and (2) failed to show that it is more likely than not that no reasonable juror would have convicted in light of such evidence, he cannot claim "actual innocence" here to circumvent procedural default. *See id.* She moreover observes that "freestanding claims of 'actual innocence' are not cognizable on habeas review," and his fourth ground for habeas relief is not viable. *Id.* at n.5.

Regarding Pratt's ability to utilize the equitable remedy set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012), the R&R similarly concludes that *Martinez* is not applicable here: first, many of Pratt's claims do not allege ineffective assistance of trial counsel, and *Martinez* only applies to such claims; second, he has not shown that any of his procedurally defaulted ineffective assistance of trial claims were caused by ineffective assistance of PCRA counsel, nor has he shown that any defaulted ineffective assistance of trial counsel claims were "substantial." *Id.* at 19-20.

Magistrate Judge Sitarski next turns to address the state courts' handling of Pratt's properly exhausted/non-defaulted claims, beginning with Pratt's claim of trial court error.

With respect to Pratt's claim of trial court error based on the denial of his motion for severance and motion for mistrial, the R&R observes that the question of severance is a matter of Pennsylvania law and therefore not cognizable under federal habeas review. *See id.* at 21.

Additionally, the R&R finds that the Superior Court reasonably denied Pratt's claims for PCRA relief on these grounds, as Pratt's co-defendant, Smith, did not ultimately present any evidence, and the trial court instructed the jury multiple times that statements by counsel are not evidence. *See id*. at 21-22. For these reasons, Magistrate Judge Sitarski recommends that habeas relief based on trial court error be denied. *See id*. at 23.

With respect to Pratt's claims of ineffective assistance of trial counsel based on counsel's failure to present character witness testimony and counsel's failure to request a corrupt source jury instruction as to Melissa Thompson, the R&R first observes that the Superior Court properly applied Pennsylvania's three-part ineffective test, which has been held not to be "contrary to" the federal *Strickland* test. *See id*. at 24. Therefore, habeas relief would only be appropriate if Pratt demonstrates the Superior Court's decision was based on an unreasonable application of *Strickland* or an unreasonable factual determination. *See id.* Magistrate Judge Sitarski concludes that neither is the case here.

Regarding trial counsel's failure to present character witness testimony, the R&R concludes the Superior Court reasonably found that trial counsel's failure here was not a deficient performance, as there was a reasonable basis for declining to call character witnesses: the Commonwealth's ability to then cross-examine those witnesses about Pratt's prior criminal convictions. *See id*. at 25. Regarding trial counsel's failure to request a corrupt source jury instruction, the R&R concludes the Superior Court reasonably found that trial counsel's failure here was similarly not a deficient performance, as counsel did not want to cast doubt on Melissa Thompson's testimony, which he found beneficial to Pratt. *See id*. at 26. Because Magistrate Judge Sitarski finds the Superior Court did not unreasonably conclude that trial counsel's purported failures were in fact sound trial strategies, she recommends habeas relief based on

Pratt's properly exhausted ineffective assistance of trial counsel claims be denied. *See id*. at 26-27.

### D.    Pratt's objections

Pratt timely filed objections to Magistrate Judge Sitarski's R&R on October 16, 2020. *See generally* Pratt's Objections ("Obj."), ECF No. 32.

Pratt first[9] objects to the R&R's findings that several of his claims are procedurally defaulted, arguing that the R&R did not liberally construe his *pro se* filings, the defaulted claims were fairly presented to the state courts under *McCandles v. Vaughn*, 172 F.3d 255 (3d Cir. 1999), and if defaulted, the defaults may be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Id*. at 2, 18-21.

Pratt next objects to the R&R by reasserting his contention that the Pennsylvania courts erred in that their denial of his motion for severance was "unreasonable," and because "they did not consider[ ] the independent constitutional violations as to why Pratt was prejudiced by the [trial] court's denial." *Id*. at 5. He also argues, as he has prior, that the prejudice caused by failing to grant his motion for severance was not and could not have been cured by a limiting instruction to the jury. *See id*. at 8-10, 13-16.

In further support of this objection, Pratt states that he "presented several independent constitutional claims explaining why he was prejudiced from the court's denial of his severance request." *Id*. at 6. He reiterates what he believes are some of those arguments in his objections, including that he was unable to provide an alibi defense, that denial of the severance motion

---

[9]    Pratt's objections, while enumerated and appearing to be organized in a logical fashion, are difficult to discern, tending to repeat and overlap with one another. The characterization of the objections in this Opinion is the Court's best attempt to give the objections coherence and structure.

"violated the spirit of [*Bruton v. United States*, 391 U.S. 123 (1968)]," that denial of the motion

prevented him from presenting evidence that Smith had participated in other robberies, and that

denial of the motion forced him to give up his right to testify in his own defense. *Id*. at 6-7.

Pratt contends that these arguments were presented to the state courts and therefore not

procedurally defaulted. *See id.* He also claims that after granting leave to amend his habeas

petition, Magistrate Judge Sitarski erred in failing to rule upon "the merits of [his]

IAC/Bruton/Severance/Mistrial Claims." *Id*. at 13.

Pratt also contends that his trial counsel's testimony at the PCRA evidentiary hearing,

which contradicted counsel's prior affidavit submitted in support of Pratt's PCRA petition,

should be discounted or discarded all together. *See id.* at 21-22. According to Pratt, state courts'

determination that trial counsel's failure to call character witnesses was part of a sound strategy

was itself unreasonable. *See id.* He moreover objects to the R&R and state court findings that

trial counsel was not ineffective for failing to request a corrupt source jury instruction because a

"prejudiced [sic] inquiry was never performed" thereby "mandating de novo review." *Id*. at 21.

Such a review, he argues, would make clear that failure to request a corrupt source instruction

amounted to prejudicial error entitling him to habeas relief. *See id.* at 23-24.

## III.    LEGAL STANDARDS AND APPLICABLE LAW

### A.    Contested reports and recommendations – general principles

When timely objections to a magistrate judge's report and recommendation have been

filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a *de novo* review of those

portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Weidman*

*v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3

(3d Cir. 1989). However, a district court "[is] not required to make any separate findings or

conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. §

636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016) (citing *Elmendorf Grafica, Inc.

v. D.S. America (East), Inc.*, 48 F.3d 46, 49-50 (1st Cir. 1995)); *see Weidman*, 164 F. Supp. 3d at

653 ("Although the standard is de novo, the extent of review is committed to the sound

discretion of the district judge, and the court may rely on the recommendations of the magistrate

judge to the extent it deems proper." (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa.

2000))). Where objections are general rather than specific, or untimely, *de novo* review is not

required. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); *see also Snyder v. Bender*, 548

F. App'x 767, 771 (3d Cir. 2013). Uncontested portions of a report and recommendation, as well

portions to which untimely or general objections are made, may be reviewed under a standard

determined by the district court; however, at the very least, these portions should be reviewed for

"clear error or manifest injustice." *Colon-Montanez v. Delbalso*, No. 3:15-CV-02442, 2016 WL

3654504, at *1 (M.D. Pa. July 8, 2016); *Equal Employment Opportunity Comm'n v. City of Long

Branch*, 866 F.3d 93, 100 (3d Cir. 2017) ("[A] district court should 'afford some level

of review to dispositive legal issues raised by the report[.]' We have described this level

of review as 'reasoned consideration.'" (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d

Cir. 1987))). As a general matter, a district court "may accept, reject, or modify, in whole or in

part, the findings and recommendations" contained in a report. 28 U.S.C. § 636(b)(1)(C).

### B.    Habeas relief under 28 U.S.C. § 2254 – general principles

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in

violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). Title 28 U.S.C. § 2254

governs petitions for a writ of habeas corpus on behalf of state court prisoners. Under the

statute, habeas relief is available to a petitioner only where he can show "he is in custody in

violation of the Constitution or laws" of the United States. 28 U.S.C. § 2254(a). Moreover, a habeas petitioner must show that a state court's determination of the merits a challenge to his conviction resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," [10] 28 U.S.C. § 2254(d)(1)-(2). Where "the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Where the challenge is directed at a state court's factual determination, that determination "shall be presumed to be correct" by a federal court; the habeas petitioner "shall have the burden of rebutting [this] presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008) ("[A] federal habeas court must afford a state court's factual findings a presumption of correctness and that [ ] presumption applies to the factual determinations of state trial and appellate courts.");[11] *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable.").

---

[10]     Section 2254 was modified by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), one purpose of which was "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). In particular, Congress adopted an amended 28 U.S.C. § 2254(d), governing petitions for writs of habeas corpus where a petitioner's claims were previously "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *Woodford*, 538 U.S. at 206.

[11]     "[T]he § 2254(e)(1) presumption of [factual] correctness applies regardless of whether there has been an 'adjudication on the merits' for purposes of § 2254(d)." *Nara v. Frank*, 488 F.3d 187, 200-01 (3d Cir. 2007).

In the end, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington*, 562 U.S. at 101); *see Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (explaining that § 2254 "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt").

### C.    Ineffective assistance of counsel – general principles

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the federal standard applicable to claims of ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense."[12] *Id*. at 687.

To establish the first component – deficiency – a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland*, 466 U.S. at 687). "For the deficient performance prong, '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). The deficiency inquiry is "deferential":

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

---

[12]    The Pennsylvania standard for reviewing ineffective assistance claims has been held to be in effect identical to the standard set forth in *Strickland. See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000).

*Id.* (quoting *Strickland*, 466 U.S. at 689).

To establish the second component – prejudice – the defendant must show that "there is a reasonable probability that, but for counsel's error, the result would have been different." *Id.* (citing *Strickland*, 466 U.S. at 687). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694 and *Harrington*, 562 U.S. at 112).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 689 and *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). This is because the question before a federal court entertaining a § 2254(d) petition that raises a claim of ineffective assistance is not whether the state court's ruling on that issue was correct – that is, whether counsel was actually ineffective under *Strickland* – but only whether the state court's determination of that issue was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002) ("The focus of the [ ] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in [*Williams v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.").

D.     **Exhaustion and procedural default – general principles**

Due to the deference owed by federal courts to state courts under § 2254, the doctrine of "exhaustion" requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see* 28 U.S.C. § 2254(b)(1) (explaining that a petition for a writ of habeas

corpus "shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State"[13]).  To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  *McCandless v. Vaughn*, 172 F.3d 225, 261 (3d Cir. 1999).

An important "corollary" to the exhaustion requirement is the procedural default doctrine.  *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).  Where a state court has denied a petitioner's claim for collateral relief based on an independent and adequate state procedural rule, the claim is considered "procedurally defaulted" and generally may not be reviewed by a federal court.  *Id.* ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. This is an important 'corollary' to the exhaustion requirement." (citations omitted)).[14]  Similarly, where "a claim has not been fairly presented to the state courts but state law clearly forecloses review" – as happens when the statute of limitations on a collateral challenge runs – the claim is considered to be procedurally defaulted and may not be taken up on federal habeas review as long as the state rule foreclosing review is an independent and adequate procedural rule.[15]  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *see Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural

---

[13]    A petitioner can overcome the requirement of exhaustion if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).

[14]    "The procedural default doctrine [ ] advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine."  *Id.* at 2064 (citing *McCleskey v. Zant,* 499 U.S. 467, 493 (1991)).

[15]    As a technical matter, in such a situation "exhaustion would be futile and is excused." *Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000).

requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").

However, "[a] state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Davila*, 137 S. Ct. at 2064-65 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 2065 (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). A factor is "external" only if it cannot be attributed to the petitioner. *Coleman*, 501 U.S. at 753.

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held, as it explained in a subsequent case, that "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.' That is so . . . because the attorney is the prisoner's agent, and under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent." *Maples v. Thomas*, 565 U.S. 266, 280-81 (2012) (quoting *Coleman*, 501 U.S. at 753-54). Yet in *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court recognized the following narrow exception to this rule: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at 17. Stated differently, the rule set forth in *Martinez* is as follows: "counsel's failure to raise an ineffective assistance [of trial counsel] claim on collateral review may excuse a procedural default if: '(1) collateral attack counsel's failure itself constituted ineffective

assistance of counsel under *Strickland*, and (2) the underlying ineffective assistance claim is "a substantial one.""[16] *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 237-38 (3d Cir. 2017) (quoting *Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014)). An underlying claim is "substantial" where it "has some merit." *Glenn*, 743 F.3d at 410.

## IV.    DISCUSSION

As an initial matter, the Court finds that Pratt's objections are, on the whole, timely and sufficiently particular to warrant a *de novo* review of those portions of the R&R to which the objections are directed. *See* 28 U.S.C. § 636(b)(1)(C); *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015. The Court will proceed to address Pratt's objections in the context of the R&R's primary findings and conclusions.

### A.    All but a handful of Pratt's claims are procedurally defaulted

The Court agrees with Magistrate Judge Sitarski that all but a handful of Pratt's claims for habeas relief are procedurally defaulted.[17] In explaining why this is so, the Court will address each claim or group of claims independently.

#### 1.    *Claims based on trial court error*

As the R&R correctly points out, the only claims of trial court error that have been properly exhausted and which are not procedurally defaulted challenge (1) the trial court's denial

---

[16]    A habeas petitioner "must demonstrate that this constituted deficient performance under the first prong of the *Strickland* analysis—meaning that counsel's representation fell below an objective standard of reasonableness"; actual prejudice may be established with a substantial claim of ineffective assistance of trial counsel that would otherwise have been deemed defaulted. *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 376 (3d Cir. 2018).

[17]    The issues/claims listed in the succeeding sections are the issues that were addressed by the state courts on direct and collateral review. This Court has independently cross-checked these issues with those raised in Pratt's operative filings on both direct and collateral review to ensure there were not other issues presented to the state courts which are unaccounted for in their decisions. The Court has found no unaddressed issues.

of Pratt's motion for severance, (2) the trial court's denial of his motion for a mistrial, (3) the trial court's sustaining of the Commonwealth's objections to Pratt's trial counsel's questioning of a witness, and (4) the trial court's denial of Pratt's motion to suppress. *See generally Commonwealth v. Pratt*, No. 672 EDA 2010 (Pa. Super. Ct., Dec. 2, 2010). The remaining claims Pratt raised on direct appeal – based on alleged prosecutorial misconduct – were found by the Superior Court to either not have been properly preserved for appeal and therefore waived, or to have been waived through a failure to develop argument in briefing on appeal. *See id*. at 16-17. As such these claims are procedurally defaulted. *See Troutman v. Overmyer*, No. 2:14-CV-1592, 2015 WL 1808640, at *12 (E.D. Pa. Apr. 21, 2015) ("The state court's finding of waiver constitutes a procedural default which precludes federal review." (collecting cases)).

### 2. *Claims based on ineffective assistance of trial counsel*

Similarly, the only claims of ineffective assistance of counsel which are properly exhausted and not procedurally defaulted are those that were presented to the Superior Court on PCRA review, specifically, that (1) trial counsel was ineffective for failing to investigate and procure witnesses to testify in support of Pratt's character, and (2) trial counsel was ineffective in failing to request a corrupt source jury instruction as to Melissa Thompson. *See Commonwealth v. Pratt*, 2017 WL 5593775, at *2 (Pa. Super. Ct. Nov. 21, 2017). On this point, the R&R observes that in his habeas petition, Pratt

> maintains counsel was ineffective because counsel "failed to properly investigate, present and cross-examine, alibi defense, crime scene, and lay, character and expert witnesses, to file for Kings Bench review of pretrial Severance denial, to deny Stipulation requests, to request, challenge and correct voir dire, Jury Instructions and conflicted Juror, and to preserve, plead and present issues on direct appeal, habeas corpus and on collateral appeal violating Petitioner's Constitutional Rights." (Hab. Pet., ECF No. 2, at ¶ 12). He also contends counsel was ineffective for failing to object and request a limiting instruction under *Bruton*, 391 U.S. at 123. (ECF No. 16, at 3-4; Pet'r's Reply, ECF No. 21).

R&R at 15.  Magistrate Judge Sitarski concludes that these additional claims of ineffective

assistance of counsel – and indeed, any ineffective assistance claims beyond the two presented to

the Superior Court on PCRA review – are unreviewable as procedurally defaulted.  *Id*. at 15-16.

In response to this portion of the R&R, Pratt argues in his objections that "had the Court liberally

construe the pro se filings, and considered the applications [sic] of <u>McCandless v. Vaughn</u>, 172

F.3d 255 (3d Cir. 1999) . . . it would have been determined that several of Pratt's claims were

fairly presented and thus, not procedurally defaulted."  Obj. at 3.

     Pratt's contentions that he adequately utilized one or more of the avenues of exhaustion

set forth in *McCandless v. Vaughn*, 172 F.3d 255 (3d Cir. 1999), and that the myriad grounds for

ineffective assistance of trial counsel he now raises in his habeas petition have in fact been

properly exhausted, are without merit.  He provides no support for such a contention.[18]  As the

Third Circuit has endeavored to make clear, it is not the case that

> simply because a petitioner brings a claim of ineffective assistance of counsel or a
> state court adjudicates that claim, every claim counsel is allegedly deficient for
> failing to raise necessarily has been fairly presented to the state court as a federal
> claim. Indeed, that would effect a novel, gaping, and unwarranted expansion of
> federal habeas review, particularly as petitioners may discuss and state courts may
> analyze the alleged deficiency exclusively in terms of state law. Even those Courts
> of Appeals that have deemed exhausted claims that were raised *sua sponte* by the
> state court have done so only where the state court explicitly identified the claim as
> a federal claim and analyzed it under federal law.

---

[18]    In *McCandles v. Vaughn*, the Third Circuit explained that for purposes of exhaustion, a
petitioner can communicate to state courts that they are asserting a federal claim through "(a)
reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases
employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so
particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a
pattern of facts that is well within the mainstream of constitutional litigation."  172 F.3d 255, 261
(3d Cir. 1999) (quoting *Evans v. Court of Common Pleas, Del. County, Pa.,* 959 F.2d 1227, 1232
(3d Cir. 1992)).  Pratt appears to argue that he has utilized one or more of these avenues to
exhaust one or more of the claims Magistrate Judge Sitarski found to be defaulted; however, it is
not clear which avenue(s) Pratt believes he utilized or which claim(s) he believes he properly
exhausted.

*Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 480 n.6 (3d Cir. 2017) (collecting cases).

The Court also agrees with Magistrate Judge Sitarski that *Martinez v. Ryan*, 566 U.S. 1 (2012), is not available to save Pratt's procedurally defaulted claims of ineffective assistance of trial counsel.[19] On this issue, Pratt argues in his objections that when "[l]iberally construing [his] assertions," his reference in his habeas petition and brief to "layered ineffectiveness coupled with the holding of <u>Martinez</u>," suggests that he "was alleging PCRA counsel's ineffectiveness" and "[a]s such, review was and remains appropriate under <u>Martinez</u>." Obj. at 3-4. To the contrary, Pratt has failed to meet his burden of showing that *Martinez* applies. In particular, and as explained below, Pratt has not shown that any procedural default was caused by a deficient performance of PCRA counsel, nor has he shown that any of his defaulted claims of ineffective assistance of trial counsel are "substantial."

To the extent Pratt argues that PCRA counsel should have raised the numerous intertwined ineffective assistance of trial counsel claims that Pratt now identifies in his habeas petition, *see* ECF No. 2 at 70, this argument, without more, is unavailing. "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003); *see Workman v. Superintendent Albion SCI*, 915 F.3d 928, 942 (3d Cir. 2019) ("There is a 'strong presumption' that an attorney's decision to pursue some claims and decline to pursue others is a tactical choice."). Because Pratt has not met his burden of showing PCRA counsel's

---

[19] To the extent Pratt argues that *Martinez* acts to cure the procedural default of any claims other than ineffective assistance of trial counsel, such argument is without merit, as *Martinez*'s application is clearly limited to claims of ineffective assistance of trial counsel. *See* R&R at 19 (collecting cases).

ineffectiveness in not asserting these claims on collateral attack, *Martinez* is unavailable to save them from procedural default.

Martinez is also foreclosed as to Pratt's new ineffective assistance of trial counsel claim, alleging that trial counsel was ineffective in failing to object and failing to request a limiting instruction under *Bruton v. United States*, 391 U.S. 123 (1968). This claim avers trial counsel should have objected and requested a limiting instruction "when the police/detectives were allowed to read Petitioner's non-testifying codefendant's redacted statement which phrased the Petitioner as 'the other guy.'" ECF No. 16 at 3. However, the record clearly indicates that "[d]uring the trial, Smith did not take the stand and Smith's statement was not moved into evidence." *Commonwealth v. Pratt*, CP-51-CR-011453-2007 at 6 (Phila. Ct. Com. Pleas 2010). Indeed, "[t]he only evidence offered against Pratt" was "the testimony of eyewitness Heron, who placed Pratt at the scene of the crime, and coconspirator Thompson, who testified that she called Pratt's cell phone to contact Smith after arranging the bogus pizza delivery." *Pratt*, No. 672 EDA 2010, at 6-7.[20] What is more, even if a redacted statement given by Smith to the police was admitted into evidence, it would likely not have violated Pratt's Confrontation Clause rights. *See*

---

[20]     It appears Pratt may be referring to a pre-trial motions hearing. On this point, the Superior Court in its decision on Pratt's direct appeal recounted the following:

> Prior to trial, Pratt filed a motion seeking to have his trial severed from Smith's trial. At argument on this motion, Pratt complained that Smith had given a statement to the police in which Smith admitted that he and Pratt had robbed the victim, and further stated that Pratt alone killed the victim. Pratt argued that the use of this statement was highly prejudicial to him. Pratt also argued that, as he was going to present an alibi defense, his defense was so antagonistic to Smith's defense that a severance was required. The Honorable Benjamin Lerner denied Pratt's motion and further ordered that Smith's statement to the police be redacted to remove any reference to Pratt in accordance with *Commonwealth v. Travers*, 564 Pa. 362, 768 A.2d 845 (2001).

*Pratt*, No. 672 EDA 2010, at 4 (footnote omitted).

*Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("We hold that the Confrontation Clause is not violated by the admission of a non testifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence."). Because this claim of ineffective assistance of trial counsel is without merit, it is not "substantial," and it follows that PCRA counsel's failure to raise it cannot be considered deficient. *Ross v. District Attorney of the County of Allegheny*, 672 F.3d 198, 211 n.9 (3d Cir. 2012) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim." (quoting *Werts v. Vaughn,* 228 F.3d 178, 202 (3d Cir. 2000))); *cf. Bey*, 856 F.3d at 238 (3d Cir. 2017) (explaining that a habeas petitioner's "claim that his PCRA counsel's assistance was ineffective stems from the strength of his underlying ineffective assistance of trial counsel claim").

### 3. *Claims based on "actual innocence"*

The final claim that must be addressed before turning to the merits of Pratt's properly exhausted habeas claims is his assertion that he "is Actually Innocent of crimes convicted resulting in a Miscarriage of Justice, violating Constitutional Rights." ECF No. 2 at 12. The Court agrees with Magistrate Judge Sitarski that whether Pratt is asserting "actual innocence" as an excuse to procedural default or as a standalone habeas claim, such arguments are without merit.

"[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief. 'This rule, or fundamental miscarriage of justice exception, is grounded in the "equitable discretion" of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.'" *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting

*Herrera v. Collins*, 506 U.S. 390, 404 (1993)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). As the R&R correctly observes, Pratt "has not presented any new evidence in support of his claim of actual innocence; therefore, this exception does not apply." R&R at 18. Accordingly, he cannot seek to excuse any procedurally defaulted claims on this basis. Moreover, to the extent Pratt is asserting "actual innocence" as a freestanding habeas claim (which he appears to be doing in his fourth ground for habeas relief), Magistrate Judge Sitarski correctly observes that "freestanding claims of 'actual innocence' are not cognizable on habeas review." R&R at 18 n.5 (citing and quoting *Sistrunk v. Rozum*, 674 F.3d 181, 187 n.2 (3d Cir. 2012) and *Morton v. McGinley*, No. 18-4317, 2019 WL 7494949, at *5 (E.D. Pa. Nov. 26, 2019)).

### 4. *Summary as to procedurally defaulted claims*

For all the reasons set forth above, Pratt's objections to the R&R's findings and conclusions relative to which habeas claims are procedurally defaulted, and which are reviewable, are overruled. Those bases for relief not specifically identified in the R&R and again in this Opinion as having been fairly presented to the state courts are procedurally defaulted and unreviewable. Moreover, as the R&R correctly observes, none of Pratt's procedurally defaulted ineffective assistance of trial counsel claims are reviewable under *Martinez*. Finally, and again as Magistrate Judge Sitarski correctly found, Pratt's bare assertion of actual innocence as put forward in habeas ground four is neither capable of curing the several procedural defaults of Pratt's claims nor cognizable as a standalone habeas claim.

## B.    Pratt's properly exhausted claims do not warrant habeas relief

Having determined that most of Pratt's habeas claims are unexhausted and procedurally defaulted, the Court turns to the merits of Pratt's properly exhausted, and, therefore, reviewable habeas claims.  Here, the Court again agrees with Magistrate Judge Sitarski that none of his exhausted claims – whether based on alleged trial court error or ineffective assistance of counsel – warrant habeas relief.  The Court first addresses Pratt's claim of trial court error.

### 1.    *Claim based on trial court error*

The R&R identifies a single claim of trial court error in Pratt's habeas filings:  that the Superior Court unreasonably denied his claim of trial court error based on the trial court's denial of his motions for severance and for mistrial.[21]  Judge Sitarski finds that this claim is without merit, as (1) it does not implicate any *federal* rights and thus is not cognizable under habeas review,[22] and (2) the Superior Court reasonably denied this claim of trial court error in light of the fact that Pratt's co-defendant did not end up testifying at trial and the jury was given appropriate cautionary instructions, and, consequently, any error from denial of the motions was harmless.  *See* R&R at 20-23.  The Court agrees generally with the R&R's framing of the issues as well as the ultimate conclusions it reaches.

---

[21]    The Superior Court addressed Pratt's claims based on denial of his motion for severance and denial of his motion for a mistrial independently.  Magistrate Judge Sitarski construes Pratt's habeas petition to be raising both claims, and her R&R addresses them together.  This Court agrees with this liberal construction and treatment of Pratt's petition.  In the Court's view, this is appropriate because both claims (one challenging denial of the motion for severance and one challenging denial of the motion for mistrial) implicate the same issue:  the extent to which any prejudice against Pratt resulted from co-defendant's counsel's opening statements followed by that co-defendant's refusal to testify, and whether such prejudice rises to the level of redressability.

[22]    The R&R analyzes the issue of the exclusivity of Pennsylvania law only as to severance and does not address whether the portion of Pratt's claim based upon denial of his motion for mistrial also implicates Pennsylvania law exclusively.

With respect to the portion of Pratt's claim based on the denial of his motion for severance (as opposed to denial of his motion for mistrial), federal courts in this district have held that "[c]onsolidation and severance of cases is a matter of Pennsylvania state law." *Johnston v. Mahally*, No. 15-CV-4800, 2017 WL 11529681, at *5 (E.D. Pa. Mar. 30, 2017) (citing *Marten v. Sauers*, No. 11-2875, 2012 WL 3279247, at *6 (E.D. Pa. July 13, 2012), *report and recommendation adopted*, No. 11-2875, 2012 WL 3290402 (E.D. Pa. Aug. 13, 2012)) *report and recommendation adopted*, 348 F. Supp. 3d 417 (E.D. Pa. 2018); *see Toussaint v. Klem*, No. CIV.A. 03-0927, 2004 WL 727061, at *6 (E.D. Pa. Mar. 31, 2004) (finding that where "Petitioner's only exhausted claim is that the trial court improperly denied his motion to sever the two cases against him for trial," it did not "pass this Court's jurisdictional requirement that his claim involve a matter of federal constitutional law," and "[d]espite the tenuous implication [of the Due Process Clause] . . . consolidation of offenses, and decisions on motions to sever charges, are state law questions"). Because Pratt's claim of trial court error based on a failure to sever does not implicate any *federal* constitutional or statutory rights, habeas relief, which may be entertained "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), is not warranted here.

Additionally, assuming Pratt's habeas claim premised on denial of his motions for severance and mistrial does implicate his federal rights – presumably under the Confrontation Clause of the Sixth Amendment – Pratt would not be entitled to habeas relief. The Superior Court's denial of this claim on direct appeal based on harmless error was not (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). As

the Superior Court reasonably explained, Smith, Pratt's co-defendant, did not testify, and any prejudice resulting from the opening statements of Smith's counsel indicating that Smith would be testifying as to certain facts was properly mitigated by multiple instructions cautioning the jury that statements of counsel are not "evidence." *See Commonwealth v. Pratt*, No. 672 EDA 2010, at 6-9 (Pa. Super. Ct., Dec. 2, 2010). In the context of Pratt's claim of trial error based on denial of his motion for a mistrial, the Superior Court further explained that "[t]he trial court is the best position to assess the effect of an allegedly prejudicial statement on the jury," and "juries are presumed to follow the instructions of the court." *Id*. at 9. Pratt has failed to show how either of these legal principles or their application – or, for that matter, *any* of the legal principles applied by the Superior Court – are "contrary to, or involved an unreasonable application of, clearly established Federal law." Indeed, it is not clear how he could. *See Berry v. Varano*, No. CIV.A. 11-6585, 2013 WL 5741828, at *7 (E.D. Pa. Oct. 22, 2013) ("Allegations regarding the improper admission of evidence in a state criminal trial are generally not reviewable in federal habeas proceedings unless there is an error of such magnitude so as to deny fundamental fairness." (citing *Crane v. Kentucky,* 476 U.S. 683, 689-90 (1986))); *Blueford v. Arkansas*, 566 U.S. 599, 606 (2012) ("A jury is presumed to follow its instructions." (quoting *Weeks v. Angelone,* 528 U.S. 225, 234 (2000)). Nor has Pratt shown by clear and convincing evidence how any factual determinations of the state courts were unreasonable. *See* 28 U.S.C. § 2254(e)(1); *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008).

In sum, the R&R correctly finds and concludes that Pratt's claim challenging the state courts' denial of his motions for severance and mistrial is without merit. Accordingly, Pratt is not entitled to habeas relief, and his objections to the R&R's findings and conclusions on this claim are overruled.

### 2. *Claims based on ineffective assistance of trial counsel*

Magistrate Judge Sitarski finds that both of Pratt's properly exhausted ineffective assistance claims similarly fail on their merits. *See* R&R at 24-26. Specifically, she finds the Superior Court reasonably concluded that Pratt's trial counsel's failure to call character witnesses, and failure to request a corrupt source jury instruction as to Melissa Thompson, were consistent with a sound trial strategy; accordingly, there was no deficient performance on trial counsel's part, and no ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). *See id*. This Court fully agrees, and Pratt's arguments to the contrary are without merit.

#### a. Failure to call character witnesses

With regard to Pratt's claim based on trial counsel's failure to call character witnesses on his behalf, the R&R observes that "[t]he PCRA Court denied Petitioner's claim because it concluded counsel had a reasonable basis for omitting character witness testimony; namely, that counsel did not want to expose the character witnesses to cross examination about Petitioner's prior criminal convictions." *Id.* at 25 (citations omitted). The Superior Court affirmed the PCRA court's findings and ultimate denial of this PCRA claim on the PCRA court's reasoning, further explaining that "[c]ounsel has a reasonable strategic basis for not calling character witnesses if counsel believes the witnesses could be cross-examined regarding the defendant's prior criminal record." *Commonwealth v. Pratt*, 2017 WL 5593775, at *2-*3 (Pa. Super. Ct. Nov. 21, 2017).

There was no misapplication of *Strickland* here,[23] let alone an "objectively unreasonable" misapplication necessary to warrant habeas relief. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (explaining that where "the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable"); *see Harrington v. Richter*, 562 U.S. 86, 91 (2011) ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (quoting *Strickland*, 466 U.S. at 689 and *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009))). The R&R's ultimate conclusion as to the state courts' denial of Pratt's claim – that it "was [a] reasonable denial under *Strickland*, as counsel's decision to avoid opening the door to unfavorable cross-examination was sound trial strategy," and that no habeas relief is warranted, R&R at 25 – is correct. Pratt's objections are overruled.[24]

---

[23]     To the contrary, the PCRA and Superior Courts' determination is consistent with *Strickland*, as the cases cited in the R&R indicate. *See, e.g.*, *Alexander v. Shannon*, 163 F. App'x 167, 175 (3d Cir. 2006) (concluding that counsel was not ineffective and finding the "strategy was sound" for omitting character witnesses that would have enabled prosecution to ask about prior misconduct); *Henderson v. DiGuglielmo*, 138 F. App'x 463 469 (3d Cir. 2005) ("Counsel's failure to call a witness 'is precisely the sort of strategic trial decision that Strickland protects from second guessing.'" (internal citation omitted)); *Newton v. Kauffman*, No. 15-1103, 2018 WL 7133705, at *12 (E.D. Pa. Nov. 21, 2018) ("Declining to call [a witness] to testify as to good character because of the accused's prior criminal history is a proper strategic decision of counsel."); *Montgomery v. Folino*, No. 10-2157, 2011 WL 2411042, at *15 (E.D. Pa. May 28, 2011) (concluding counsel was not ineffective and employed reasonable trial strategy because "counsel's decision to not call character witnesses prevented the prosecution from inquiring into Petitioner's prior convictions"). *See also Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (explaining that the standard for the "deficiency" element of the *Strickland* test was whether "counsel's representation fell below an objective standard of reasonableness").

[24]     Briefly addressing Pratt's objections as to this claim, he argues it was unreasonable for the PCRA court to determine that trial counsel had a sound strategy based on his testimony at the PCRA evidentiary hearing because that testimony contradicted counsel's previous affidavit submitted in support of Pratt's PCRA petition. *See* Obj. at 21-22. However, this factual determination made by the PCRA court, which was based upon its assessment of the credibility of counsel's in-person testimony vis-à-vis his previous written affidavit, is entitled to the presumption of correctness. *See* 28 U.S.C. § 2254(e)(1). Pratt has put forward nothing, and

### b.     Failure to request a corrupt source jury instruction

With regard to Pratt's claim based on trial counsel's failure to request a corrupt source jury instruction as to Melissa Thompson, Magistrate Judge Sitarski observes that "[t]he PCRA Court denied this claim because counsel explained he believed Thompson's testimony helped the defense and therefore did not want to cast doubt on her testimony."  R&R at 26 (citations omitted).  In particular, "[t]he PCRA Court found [it] was reasonable trial strategy to forego requesting a jury instruction, because it would contradict counsel's framing and argument that 'when you go through Melissa Thompson's statement again, her testimony exculpates, raises a reasonable doubt, as to [Petitioner's] involvement in this case, in this robbery, that particular evening.'"  *Id*. (quoting N.T., 6/15/16, at 48-53).  Explaining that "[t]t is [ ] a reasonable strategic basis to not request a corrupt source instruction if doing so would be inconsistent with the proffered defense," the Superior Court affirmed the ruling of the PCRA court.  *Pratt*, 2017 WL 5593775, at *2-*3.

For the same reasons discussed in the context of Pratt's other claim for ineffective assistance of counsel, there is no basis for habeas relief here:  the Superior Court's decision upholding the PCRA court's denial of this claim was not "objectively unreasonable."  To the contrary, the Superior Court reasonably concluded that the findings of the PCRA court – specifically, that there was no deficiency in trial counsel's failure to request a corrupt source jury instruction, and as such, no ineffective assistance – were not in error.  The R&R's reasoning and

---

indeed there appears to be nothing in the record, to rebut this presumption of corrections, let alone by "clear and convincing evidence."  *Id.*

ultimate conclusion that no habeas relief is warranted as to this claim is correct, and Pratt's objections are overruled.[25]

### C. There is no basis for a certificate of appealability

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (quoting 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the denial of a habeas petition is based on procedural grounds and the Court does not reach the underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In the Court's view, Pratt has failed to demonstrate his entitlement to a COA under the applicable standard, and no COA will be issued.

## V. CONCLUSION

For the reasons set forth above, the Court overrules the objections to Magistrate Judge Sitarski's R&R and adopts the R&R's findings and recommendations in their entirety. Pratt's

---

[25]     In his objections, Pratt argues that the state courts and the Magistrate Judge should have performed a prejudice analysis under *Strickland*. *See* Obj. at 21. There is no merit to this argument; dismissal based on failure to make a showing as to the deficiency component alone was appropriate. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. . . .").

petition for habeas relief is denied and dismissed.  The Court further declines to issue a COA or hold an evidentiary hearing.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge